[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Damon Cure, appeals the judgment of the Hamilton County Court of Common Pleas adjudicating him a sexual predator pursuant to R.C. 2950.09. For the following reasons, we affirm the trial court's judgment.
In 1984, Cure entered guilty pleas to five counts of rape, three counts of attempted rape, and ten counts of aggravated burglary. He was sentenced to a lengthy term of incarceration.
In December 2000, Cure was ordered to be returned to court from the penitentiary for a hearing to determine whether he was a sexual predator under R.C. 2950.09(C). Following the hearing, the trial court found Cure to be a sexual predator. In this appeal, Cure now asserts in a single assignment of error that his classification as a sexual predator was against the manifest weight of the evidence. We find no merit in the assignment.
A sexual predator is a person who has been convicted of or pleaded guilty to committing a sexually-oriented offense and who is likely to engage in the future in one or more sexually-oriented offenses.[1] In making its determination that an offender is a sexual predator, the trial court must consider all relevant factors, including those specifically enumerated in R.C. 2950.09(B)(2).[2]
Recently, the Supreme Court of Ohio promulgated general guidelines for the trial court to follow in conducting a sexual-predator hearing.[3]
In State v. Eppinger, the court stated that the prosecution must identify the factors upon which it relies in contending that the offender is likely to commit future sexual offenses, and the trial court is then obligated to discuss on the record "the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism."[4]
In the instant case, the hearing was conducted in accordance withEppinger. The court listened to brief arguments from counsel, during which the prosecutor insisted that the multiplicity of the victims, the ages of the victims, and Cure's display of cruelty warranted a finding that he was likely to commit sexual offenses in the future. The prosecutor offered the grand-jury transcript describing the nature of Cure's offenses, as well as Cure's criminal record.[5]
In its entry, the trial court specified its reasons for adjudicating Cure as a sexual predator. The court explicitly stated that it had considered the statutory factors and found as follows:
 This crime spree involved many victims from young pre-teen girls to elderly women. [Cure] vaginally and orally raped some of the victims and he also fondled some victims. He threatened them with death and used a pillow to smother one victim. He obviously is a serial rapist and poses a serious risk of committing these same crimes in the future.
 We find the trial court's conclusions to be supported by the record. As the trial court noted, Cure broke into numerous residences and raped or attempted to rape his victims, who ranged from twelve to eighty-four years of age. Cure's commission of multiple felonies that involved sexual offenses, his use of cruelty, and his choice of particularly vulnerable victims all suggest that he is likely to commit crimes in the future. Although Cure emphasizes that a great deal of time has elapsed since his offenses and that he has made efforts to rehabilitate himself, we find no error in the trial court's conclusion that the number of offenses, and their egregious nature, warranted the finding that he is a sexual predator.[6] Therefore, the assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Winkler, JJ.
[1] R.C. 2950.09(E).
[2] R.C. 2950.09(C)(2)(b).
[3] See State v. Eppinger (2001), 91 Ohio St.3d 158, 743 N.E.2d 881.
[4] Id. at 166, 743 N.E.2d at 889. See, also, State v. O'Hara (June 29, 2001), Hamilton App. Nos. C-000314 and C-000318, unreported.
[5] Although the Eppinger court noted that expert testimony is helpful in determining the likelihood of recidivism, it did not hold that expert testimony is necessary in a sexual-predator hearing. See id. at 196,743 N.E.2d at 888-889. Neither the prosecution nor the defense sought to introduce expert evidence in the case at bar.
[6] See State v. Jones (Dec. 22, 2000), Hamilton App. No. C-000331, unreported.